UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ANGELICA SANCHEZ BRIONES,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JASON KNIGHT, Field Office Director, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Field Office Director, Boise Field Sub-Office, U.S. Immigration and Customs Enforcement; STEVE ANDERSON, Sheriff of Jefferson County, Idaho,

Respondents.

Case No. 4:26-cv-00250-AKB

**ORDER**

Pending before the Court is Petitioner Angelica Sanchez Briones's Petition for Writ of Habeas Corpus (Dkt. 1). Petitioner claims that she is a Mexican national who has lived in the United States since her entry without inspection in 2001 (*id.* ¶ 56). On April 21, 2026, Petitioner was charged with and arrested for driving under the influence and causing injury to child, though she maintains that her only criminal history is related to her inability to acquire a driver's license (*id.* ¶¶ 59–60). Petitioner is currently detained at the Jefferson County Jail in Rigby, Idaho, under an Immigration and Customs Enforcement (ICE) hold (*id.* ¶ 59; Dkt. 2 at 2). Petitioner contends her detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined she is subject to mandatory detention

without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 1 ¶ 6). Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court will therefore order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (finding court may adjust habeas procedures based on "equitable and prudential considerations"); *Hickey v. Adler*, No. 08-cv-00826, 2008 WL 3835764, at *2 (E.D. Cal. Aug. 15, 2008) (applying the Rules Governing § 2254 Cases to a § 2241 habeas proceeding, which require the judge to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order").

As part of this preliminary review, the Court notes that Petitioner is the mother of an active-duty service member and claims to be eligible to apply for military parole-in-place (Dkt. 1 ¶ 58), though it is unclear whether her application has been filed yet (*compare id.* (noting application has not yet been submitted as of April 24, 2026), *with* Dkt. 2 at 5 (stating that "Petitioner has a pending application for military parole-in-place")). The parties should therefore address the effect of Petitioner's application, if any, on her detainment under § 1225(b)(2)(A).

## I. ORDER

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and to Petitioner's Motion for Temporary Restraining Order (Dkt. 2) no later than **May 4, 2026**.

2. Petitioner shall have an opportunity to file a reply no later than **May 7, 2026**.

3. Service of the Petition and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **April 29, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the Justin D. Whatcott and Christine England with the United States Attorney's Office for the District of Idaho via email at justin.whatcott@usdoj.gov and Christine.England@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of this Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

UNITED STATES COURTS DISTRICT OF IDAHO

**DATED:** April 27, 2026

Amanda K. Brailsford

Amanda K. Brailsford
U.S. District Court Judge