UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANGELICA SANCHEZ BRIONES,<br><br>          Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JASON KNIGHT, Field Office Director, ICE Salt Lake City Field Office; KENNETH PORTER, Field Office Director, ICE Boise Field Sub-Office; STEVE ANDERSON, Sheriff, Jefferson County, Idaho,<br><br>          Respondents. | Case No. 4:26-cv-00250-AKB<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

Pending before the Court is Petitioner Angelica Sanchez Brione's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court grants the Petition and denies the TRO as moot.

## I.    BACKGROUND

Petitioner, a native of Mexico, has lived in the United States since her entry without inspection in 2001 (Dkt. 1 ¶ 56). On April 21, 2026, Petitioner was charged with and arrested for driving under the influence and causing injury to a child but has no other relevant criminal history (*id.* ¶¶ 59–60). Although an Idaho magistrate judge ordered her release on her own recognizance

**ORDER GRANTING PETITION – 1**

the same day, Petitioner remains detained at the Jefferson County Jail in Immigration and Customs Enforcement (ICE) custody  (Dkt. 9 at 3).

Petitioner contends her detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined she is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 1 ¶ 6). Specifically, she argues that § 1225(b)(2) "does not apply to individuals like [her] who previously entered and are now residing in the United States" (Dkt. 1 ¶ 6).

On April 27, the Court ordered the respondents to respond to Petitioner's petition (Dkt. 6).[1] Briefing is now complete, and the issue is ripe for a decision.

## II.    ANALYSIS

As with many other immigration-related habeas corpus petitions filed in this District, this case concerns the detention provisions at §§ 1226(a) and 1225(b)(2). The Court has repeatedly explained its disagreement with DHS's interpretation of § 1225. *See Guadarrama Ayala v. Henkey*, No. 25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Beltran Orellana v. Henkey*, No. 26-cv-00013-AKB, 2026 WL 194734 (D. Idaho Jan. 26, 2026). To the extent the Government's arguments are identical to those this Court has previously rejected in prior cases, the Court incorporates by reference and adopts its analysis and rulings in *Guadarrama Ayala* and addresses only those arguments specific to this case.

This Court's previous cases definitively answer the legal question—§ 1226(a) applies because Petitioner was already present in the country and she is not subject to §§ 1225(b)(1),

---

[1]    The Court also asked the parties to address the effect of the Petitioner's application for Military Parole-in-Place, if any, on her detainment under § 1225(b)(2)(A) (Dkt. 6 at 2). As both parties agree that a pending application appears to have no impact on the Court's analysis (Dkt. 9 at 5; Dkt. 11 at 5), the Court does not discuss it here.

**ORDER GRANTING PETITION – 2**

1226(c), or 1231. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89, 298 (2018). "The question of remedy, however, is slightly more complex here." *Ortiz v. Henkey*, No. 26-cv-00043-BLW, 2026 WL 295743, at \*2 (D. Idaho Feb. 4, 2026). Petitioner was recently arrested for driving under the influence with her four-year-old daughter in the car, resulting in pending state charges for DUI and injury to a child (Dkt. 9 at 3). The Government argues that if the Court determines § 1226(a) applies, Petitioner should have a bond hearing because she is a danger to the community (Dkt. 9 at 3–4).

While the Court understands the Government's concerns, Petitioner has already had an individualized bond hearing. Following her arrest, a magistrate judge in the Seventh Judicial District for the State of Idaho reviewed Petitioner's case, determined she was not an inherent danger to the community, and released her on her own recognizance (Dkt. 9 at 3; Dkt. 11 at 3). The Court agrees with Petitioner that, under these circumstances, an additional bond hearing is unnecessary because a neutral judicial officer has already recently evaluated the same underlying conduct and determined release was appropriate. Accordingly, the Court grants Petitioner's petition for habeas corpus relief and orders her immediate release from custody.

### III.    ORDER

**IT IS ORDERED that:**

1.    Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2.    Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: May 08, 2026

Amanda K. Brailsford
Amanda K. Brailsford
U.S. District Court Judge

**ORDER GRANTING PETITION – 3**